905 P.2d 86

**Raul D. HERNANDEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22090.

Supreme Court of Idaho,
Boise, October 1995 Term.

Nov. 2, 1995.

Raul D. Hernandez, Boise, pro se.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

JOHNSON, Justice.

This is a post-conviction case. The petitioner alleged ineffective assistance of counsel based on his attorney's failure to file a petition for this Court to review a decision of our Court of Appeals. We conclude that the trial court properly dismissed the post-conviction petition because the petitioner did not show that the lack of a petition for review prejudiced him in seeking collateral review of his convictions and sentences by the federal courts.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Raul D. Hernandez was convicted of three counts of delivering controlled substances and three counts of violating the 1989 version of the illegal drug stamp tax act (the drug stamp act). Hernandez appealed his convictions and sentences to this Court, which assigned the case to the Court of Appeals. The Court of Appeals upheld Hernandez's convictions and sentences on the delivery charges, but vacated his convictions and sentences for the drug stamp act violations because this Court has previously ruled the drug stamp act was unconstitutional. *State v. Hernandez*, 120 Idaho 785, 791, 820 P.2d 380, 386 (Ct.App.1991).

Following the Court of Appeals's decision, Hernandez's attorney did not file a petition for review by this Court. Hernandez claims that no one informed him of the Court of Appeals's decision in *State v. Hernandez* or that he had a right to petition this Court for review. Hernandez contends that he did not learn of his right to petition this Court for review until after the deadline for filing had passed.

In October 1993, Hernandez filed a pro se petition for post-conviction relief on the ground that he had been denied effective assistance of counsel in violation of his Sixth Amendment right. In his petition, Hernandez contended that his counsel's failure to petition this Court for review was prejudicial because the exhaustion of state remedies requirement had not been fulfilled, and he therefore could not collaterally attack his convictions in federal court. After the trial court conditionally dismissed the post-conviction petition, the trial court appointed an attorney to represent Hernandez. In responding to the conditional dismissal, the attorney cited I.C. § 19–852 (1987) as a basis for Hernandez's right to effective assistance of counsel.

The trial court then dismissed Hernandez's post-conviction petition, ruling that Hernandez had failed to show actual prejudice caused by his attorney's conduct. Hernandez appealed, and this Court assigned the case to the Court of Appeals, which affirmed the trial court. The Court of Appeals ruled that Hernandez had a statutory right pursuant to I.C. § 19–852 to effective assistance of counsel in any appellate proceeding, but that only this Court has the power to waive the time limitation for filing a petition for review. We granted Hernandez's petition for review.

## II.

### THE TRIAL COURT PROPERLY DISMISSED THE POST–CONVICTION PETITION BECAUSE HERNANDEZ DID NOT SHOW THAT INEFFECTIVE ASSISTANCE OF COUNSEL CAUSED PREJUDICE.

Hernandez asserts that the trial court should not have dismissed his post-conviction petition on the ground he had not shown that ineffective assistance of counsel caused him prejudice. We disagree.

We first note that we address this issue only under I.C. § 19–852 (1987) and not under federal or state constitutional guarantees. Although there is some tangential reference in Hernandez's initial brief on appeal to a constitutional right to effective assistance of counsel, Hernandez invokes I.C. § 19–852 as the basis for his right here. In any event, because we conclude that Hernandez has a right to effective assistance of counsel in filing a petition for review pursuant to I.C. § 19–852, it is not necessary for us to address whether there is a similar federal constitutional right. Likewise, we do not address any state constitutional right to counsel, which was raised by Hernandez only in his reply brief on appeal. The Court will not address an issue raised only in the reply brief. *State v. Raudebaugh,* 124 Idaho 758, 763, 864 P.2d 596, 601 (1993).

We also do not address Hernandez's claim premised on due process of law presented in support of his petition for review. We look to the initial brief on appeal, before the case was assigned to the Court of Appeals, for the issues presented on appeal.

■ Before addressing the merits of the appeal, we reject the state's contention that Hernandez cannot bring his claim for relief under the Uniform Post–Conviction Procedure Act (UPCPA). The state cites *Lee v. State,* 122 Idaho 196, 832 P.2d 1131 (1992) in support of its position. *Lee* stands for the proposition that there is no relief under UPCPA "for a challenge to the effectiveness of counsel in the appeal stage from the first petition for post-conviction relief." *Id.* at 198, 832 P.2d at 1133. *Lee* does not apply here because this is Hernandez's first application for post-conviction relief. He is attacking his counsel's performance on the direct appeal of his convictions and sentences, not his counsel's performance in a post-conviction proceeding.

Turning to the substance of Hernandez's claim, I.C. § 19–852 (1987) provides that a needy defendant has a right to appointed counsel in any appeal. This includes the right to counsel in filing a petition to this Court requesting review of a Court of Appeals decision. This statutory right to counsel would be a hollow right if it did not guarantee the defendant the right to effective assistance of counsel. Therefore, we look to cases where the Court has discussed the manner of proving ineffective assistance of counsel, even though the basis for the right in those cases was constitutional, not statutory. We can see no legitimate basis for determining whether there has been a violation of the right to effective assistance of counsel guaranteed by I.C. § 19–852 differently from determining whether there has been a violation of a similar constitutional right.

In *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988), the Court succinctly outlined the test necessary to prove ineffective assistance under the federal constitution:

First a claimant must prove that counsel's performance was deficient. Second, a claimant must show that this deficient performance prejudiced his or her case.

The Court in *Aragon* also pointed out that prejudice is defined as " 'a reasonable proba-

bility that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 761, 760 P.2d at 1177 (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). The Court noted that prejudice is presumed "where the defendant is denied counsel altogether, or where counsel represents conflicting interest. Generally, however, the defendant must affirmatively prove prejudice." *Id.*

A similar requirement for demonstrating prejudice has been found to exist under the right to counsel provision of the state constitution. Discussing Article I, § 13 of the Idaho Constitution, in *Aragon* the Court stated that "[t]o prevail [on a claim of ineffective assistance of counsel], a defendant must establish 'that the conduct of counsel contributed to the conviction or to the sentence imposed.'" *Id.* (quoting *State v. Tucker,* 97 Idaho 4, 12, 539 P.2d 556, 564 (1975)).

In his post-conviction petition, Hernandez contended that he had been prejudiced by his attorney's failure to petition this Court for review of the Court of Appeals decision "because he cannot now launch collateral attacks upon his state conviction in the federal courts because the exhaustion requirement has not been satisfied." Federal law requires that to bring a federal habeas corpus claim, Hernandez must exhaust all remedies at the state level. The Ninth Circuit has ruled that failure to file with this Court a petition for review of a Court of Appeals decision constitutes a failure to exhaust all state remedies. *McNeeley v. Arave,* 842 F.2d 230, 231–32 (9th Cir.1988).

We agree with the conclusion of the trial court that Hernandez did not include in the appeal from his convictions any issue that the Court of Appeals resolved unfavorably to him that could be the basis for a collateral attack in the federal courts. Indeed, Hernandez has still not suggested any basis upon which he could collaterally attack his convictions. Therefore, we conclude that he has not shown the prejudice necessary to establish a successful claim of ineffective assistance of counsel.

## III.

## CONCLUSION

We affirm the trial court's dismissal of Hernandez's post-conviction petition.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.