187 P.3d 1247

**James MONAHAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 32878.

Court of Appeals of Idaho.

April 22, 2008.

Review Denied July 15, 2008.

Dennis A. Benjamin of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

James Monahan appeals from the district court's order dismissing his application for post-conviction relief after an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In May 2000, Monahan pled guilty to aggravated battery. I.C. §§ 18–903(b), 18–907(a). The district court sentenced Monahan to a unified term of fifteen years, with a minimum period of confinement of seven years. Monahan appealed. In an unpublished opinion, this Court affirmed Monahan's judgment of conviction, his sentence, the district court's restitution order, and an order denying Monahan's I.C.R. 35 motion for reduction of sentence. *State v. Monahan*, Docket No. 26764, 136 Idaho 458, 35 P.3d 275 (Ct.App.2001).

Monahan filed a pro se application for post-conviction relief and requested post-conviction counsel. The district court granted the request for counsel. Monahan then filed an amended application through counsel, which set forth seventeen separate claims of ineffective assistance of Monahan's defense counsel in the underlying criminal proceedings. The state moved for summary dismissal of many claims. The district court summarily dismissed three of the seventeen claims and granted an evidentiary hearing on the remaining claims.

At the evidentiary hearing, post-conviction counsel twice elicited testimony as to whether Monahan expressed interest in withdrawing the guilty plea to his defense counsel. Both times, the state objected on the basis that Monahan's amended application did not include a claim of ineffective assistance with regard to an effort to withdraw the guilty plea. The district court ruled that the testi-

mony could be considered only as evidence supporting a claim in the amended application regarding the voluntariness of the guilty plea. After the hearing, the district court provided the parties time for additional briefing and then dismissed the remaining claims in Monahan's amended application without mentioning the issue of whether counsel provided ineffective assistance by failing to file a motion to withdraw the guilty plea. Monahan appeals from the district court's order dismissing his application after the evidentiary hearing.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

## III.

## ANALYSIS

The sole issue Monahan raises on appeal is whether his defense counsel provided ineffective assistance with regard to an effort to withdraw the guilty plea.[1] Monahan concedes that his amended application did not set forth this specific claim of ineffective assistance. In his opening brief on appeal, however, Monahan addresses the merits of

---

1. Monahan has therefore waived any additional bases for relief on appeal. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.App. 1997).

this unpled assertion and argues that the district court should have ruled on this claim pursuant to Idaho Rule of Civil Procedure 15(b) because it was tried by the consent of the parties. Without addressing the merits, the state asserts in response that the issue was not preserved for appeal because the state did not consent to have the claim tried. In Monahan's reply brief, he reasserts that the state consented and, for the first time, also asserts the alternative theories that the district court abused its discretion by not addressing this claim of ineffective assistance and that the claim is one of fundamental error which we should address on appeal even if it was not raised in the district court. Monahan requests that we either reverse the district court's order on the basis that his defense counsel provided ineffective assistance by failing to file a motion to withdraw the guilty plea or remand for further proceedings on that ineffective assistance claim.

■ An application for post-conviction relief must specifically set forth the grounds upon which the application is based, and clearly state the relief desired. I.C. § 19–4903. All grounds for relief must be raised in the original, supplemental, or amended application. I.C. § 19–4908. An application for post-conviction relief differs from a complaint in an ordinary civil action. *Goodwin v. State,* 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct.App.2002). The application must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). *Id.*

■ Post-conviction applications are also governed, however, by the Idaho Rules of Civil Procedure. *Dunlap v. State,* 141 Idaho 50, 57, 106 P.3d 376, 383 (2004). *Cole v. State,* 135 Idaho 107, 110, 15 P.3d 820, 823 (2000). Idaho Rule of Civil Procedure 15(b) provides:

> When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The purpose of Rule 15(b) is to allow cases to be decided on the merits, rather than upon technical pleading requirements. *Noble v. Ada County Elections Bd.,* 135 Idaho 495, 500, 20 P.3d 679, 684 (2000). Implied consent to the trial of an unpleaded issue is not established merely because evidence relevant to that issue was introduced without objection. *M.K. Transport, Inc. v. Grover,* 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). It must at least appear that the parties understood the evidence to be aimed at the unpleaded issue. *Id.* The trial court has the discretion to determine whether the parties have consented to trial of the unpled issue. *Doyle v. Ortega,* 125 Idaho 458, 461, 872 P.2d 721, 724 (1994).

In the present case, Monahan's amended application contained seventeen separate claims of ineffective assistance, but did not contain an allegation that trial counsel provided ineffective assistance with regard to Monahan's request to withdraw the guilty plea. At the beginning of the evidentiary hearing, the district court listed the enumerated claims from Monahan's amended application that were summarily dismissed and indicated that the remaining claims were at issue in the hearing. Post-conviction counsel and the prosecutor agreed that the district court had properly summarized the claims at issue. Post-conviction counsel did not assert then, or at any other time during the hearing, that any unpled issues should be tried pursuant to Rule 15(b). Post-conviction counsel never moved to amend the application.

■ The transcript from the hearing indicates that the state did not impliedly consent to trying the unpled theory and that the district court specifically ruled that the issue could not be raised. When post-conviction counsel questioned Monahan as to whether he requested that his defense counsel move to withdraw the guilty plea, the prosecutor objected on the basis that Monahan's amended application did not include an allegation regarding withdrawal of the guilty plea. Post-conviction counsel first responded that the allegation was part of a claim of ineffective assistance for failure to inform the district court at the time of the guilty plea that Monahan had sustained physical injuries that rendered him unable to intelligently change his plea to guilty. After the district court indicated that there was no claim regarding an effort to withdraw the plea, post-conviction counsel responded that he believed it was "part and parcel of the poor representation and the overall hostility." The district court ruled that "further questioning would be repetitive and beyond the pleadings." Post-conviction counsel again attempted to raise the issue when cross-examining Monahan's trial counsel. The state again objected on the ground that the questioning was beyond the pleadings. Post-conviction counsel asserted that the district court had already allowed similar questioning insofar as it "bore on the voluntariness of the plea." The district court allowed the question but said that it would "just to go to the voluntariness of the plea" and *certainly not to any allegation of ineffective assistance of counsel with regard to some kind of effort to withdraw it.*" (Emphasis added.) Monahan's defense counsel then testified that although he did not recall whether Monahan had indicated he wanted to withdraw the guilty plea, he would have given Monahan the same advice as any other client who expressed interest in withdrawing a guilty plea. Post-conviction counsel then cut off trial counsel before he could state the advice he would have provided. On re-direct, the prosecutor asked trial counsel to finish his response, and trial counsel indicated that he would have advised Monahan to withdraw the plea before sentencing.

■ It does not appear that the parties or the district court understood any testimony regarding an effort to withdraw the guilty plea to be directed to the unpled claim that Monahan now attempts to assert on appeal. The prosecutor demonstrated a lack of consent by objecting each time post-conviction counsel attempted to raise the issue, and the district court clearly sustained those objections. Monahan relies on the prosecutor's question asking trial counsel to finish his response to how he would have advised Monahan regarding a withdrawal of the guilty plea. The prosecutor only asked trial counsel to finish his response, however, after the district court expressly ruled that the testimony was not admissible as to any allegation of ineffective assistance with regard to an effort to withdraw the guilty plea. Indeed, post-conviction counsel's attempt to prevent trial counsel from testifying as to what advice he would have provided Monahan regarding a withdrawal of the guilty plea could be construed as a lack of intent on Monahan's part to try the unpled issue. More importantly, the district court did not identify this as an issue tried by the parties and thus did not rule on the matter in its order. *See Dunlap,* 141 Idaho at 57, 106 P.3d at 383. Simply because the testimony was admitted relating to whether Monahan was competent to plead guilty does not demonstrate the parties consented to try any other issue. *See id.; Lynch v. Cheney,* 98 Idaho 238, 242, 561 P.2d 380, 384 (1977).

■ Furthermore, Monahan failed to take the proper steps to receive a ruling from the district court on the unpled issue. Rule 15(b) instructs the trial court to freely allow amendment of the pleadings when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party. In response to the state's objection, however, Monahan's post-conviction counsel did not cite Rule 15(b), indicate that he wished to amend the pleadings, or indicate that he wished to try a new and unpled theory of ineffective assistance. Rather, post-conviction counsel argued that the new theory of ineffective assistance regarding an effort to withdraw the guilty plea was "part and parcel" to the existing pleadings. The district

court properly rejected that argument.[2] Monahan failed to acknowledge he wished to try the unpled issue and, therefore, the record is devoid of any explanation from Monahan on how the unpled issue would have "subserved" the merits of the action or any explanation from the state as to how it may have been prejudiced. Additionally, if Monahan believed that the district court had erred by not ruling on this unpled issue, he could have taken steps to correct the mistake after the district court issued its written order. Rule 15(b) allows amendment of the pleadings to conform to the evidence upon motion of any party at any time, even after judgment. Additionally, Rule 59 allows the trial court either on its own initiative or on motion by the parties to correct errors both of fact and law that had occurred in its proceedings. *See Dunlap*, 141 Idaho at 58, 106 P.3d at 384. Pursuant to Rule 59(e) Monahan had the right to move to alter or amend the judgment within fourteen days of the order denying post-conviction relief because of a perceived issue impliedly tried in the hearing pursuant to Rule 15(b). Monahan's failure to take proper steps to have the district court address the unpled issue is consistent with the notion that the parties had not consensually tried the additional issue.

We hold that the parties did not expressly or impliedly consent to trying Monahan's unpled assertion that counsel provided ineffective assistance with regard to an effort to withdraw the guilty plea. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). This Court will not address an issue that is argued to be "part and parcel" of general allegations in a post-conviction application but not properly asserted below at an evidentiary hearing. We therefore decline to address Monahan's unpled claim of ineffective assistance with regard to an effort to withdraw the guilty plea as a claim that was tried by the express or implied consent of the parties.

Monahan's alternative theories, raised for the first time in his reply brief, are that the district court abused its discretion by not addressing this unpled basis for ineffective assistance and that trial counsel's ineffective assistance constituted fundamental error which we may review for the first time on appeal. A reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); *Henman v. State*, 132 Idaho 49, 51, 966 P.2d 49, 51 (Ct.App.1998). Issues raised for the first time in a reply brief will not be addressed on appeal. *Hernandez*, 127 Idaho at 687, 905 P.2d at 88; *Henman*, 132 Idaho at 51, 966 P.2d at 51. We decline to address Monahan's alternative theories because he failed to raise them in his opening brief.

### IV.

### CONCLUSION

The parties did not expressly or impliedly consent to trial on Monahan's unpled claim that he received ineffective assistance of counsel with regard to an effort to withdraw his guilty plea. Because they were raised for the first time in Monahan's reply brief on appeal, we decline to address Monahan's alternative theories on appeal. We affirm the district court's order dismissing his application for post-conviction relief after an evidentiary hearing. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING concur.

---

2. We note that claims of ineffective assistance of counsel should be individually pled with specificity. All too often, both in the district court and on appeal, counsel attempts to use one broad category such as "failure to investigate" as a spring board to raise any argument they wish as "part and parcel" of the claim. Such a practice is strongly discouraged.