**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36805**

| | | |
|---|---|---|
| **JEFFERY TRENT GARNER,** | ) | **2010 Unpublished Opinion No. 621** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: August 30, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jeffery Trent Garner, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Jeffery Trent Garner appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTS AND PROCEDURE**

Garner pleaded guilty to lewd conduct with a minor, Idaho Code Section 18-1508. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Garner to a unified term of twenty years, with ten years fixed. Garner appealed, claiming that the district court abused its discretion by imposing an excessive sentence. This Court affirmed. *State v. Garner*, Docket No. 34076 (Ct. App. Jan. 14, 2008) (unpublished).

Thereafter, Garner filed a pro se petition for post-conviction relief alleging three claims for relief:

(a) Prosecutor failed duty to provide a proffer of intent; (id) those factors that lesson or negate . . .,

1

(b) The lack of proffer of intent, ineffective counsel, lack of ability of defendant, negates knowledgeable plea.

(c) Lack of Disability Law/Medical Law, . . ., Court, Prosecutor, Defense Counsel, Defendant, denied fair/just process. (1.)

Overlapping these claims somewhat, Garner also asserted three claims of ineffective assistance of counsel:

(a) Failure to place adversarial testing; Intent; collaboration of witness; et. seq.

(b) Failure to be reasonably knowledgeable in Disability law, and disability etiquette.

(c) Failure to properly instruct defendant in standards of law (a,b,c, involuntary plea).

Garner also filed an affidavit in support of his petition. The State filed an answer and a motion for summary dismissal, contending that the petition failed to state a claim for which relief may be granted and that there was no genuine issue of material fact because Garner had failed to support his claims with admissible evidence. Garner did not respond. Thereafter, the district court summarily dismissed the petition. Garner filed a motion for reconsideration, which the district court denied. Garner appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In

2

other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

In order to prevail on an ineffective assistance of counsel claim, it must be shown that trial counsel's performance was deficient and that such performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Where the petitioner was convicted on a guilty plea, he must show that there is a reasonable probability that the outcome of the proceeding would have been different, i.e., that the plea would not have been entered, but for counsel's deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Based in part on Garner's affidavit submitted in support of his petition, the district court interpreted the substance of Garner's claims to be that his counsel was ineffective by failing to inform him of the intent element of the crime before he pleaded guilty and that Garner was entitled to relief from his conviction because the complaining witness was untruthful and the prosecution withheld this information. The substance of Garner's appellate claims of district

3

court error in the dismissal of his petition are difficult to discern as his briefing is less than fully focused, but Garner does not take direct issue with the district court's interpretation of his petition.

The district court dismissed the "intent element" claim on the reasoning that, even assuming defense counsel's performance was deficient, Garner had failed to show prejudice because Garner was informed of the intent element through other means, specifically through the charging indictment that included the intent element of the crime. The district court thus apparently took judicial notice of the underlying criminal case file. Garner has not taken steps to include any of the criminal case file, including the indictment, in the record on appeal. It is the responsibility of the appellant to provide a sufficient record on appeal to substantiate his or her claims of error. *State v. Walsh*, 141 Idaho 870, 876, 119 P.3d 645, 651 (Ct. App. 2005); *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record demonstrating error, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). For this reason, Garner has failed to show that the district court erred in dismissing this claim on the ground that Garner could not have been prejudiced by counsel's alleged omission to inform Garner of the intent element of the offense.

The district court dismissed Garner's "untruthful complaining witness" claim on the ground that Garner had not provided any admissible evidence that the witness was, in fact, untruthful. The record supports the district court's disposition of this issue. Absent admissible evidence, Garner's claim consists of a mere conclusory allegation, and summary dismissal was appropriate. *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Garner also takes issue with the district court's dismissal of his "disability law" claim. While the district court's order of dismissal did not specifically address this claim, the State asserts, among other things, that Garner's petition fails to explain how his asserted disability affects the validity of his criminal conviction. We agree. Garner has not stated a cognizable claim for post-conviction relief with regard to his disability.

Finally, Garner advances a number of issues and concerns that were not part of his petition filed in the district court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Monahan v. State*, 145 Idaho 872, 877, 187 P.3d 1247, 1252 (Ct. App. 2008). We therefore decline to address Garner's additional issues. In addition, Garner attempts to raise claims of

4

district court error for the first time in his reply brief. A reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); *Henman v. State*, 132 Idaho 49, 51, 966 P.2d 49, 51 (Ct. App. 1998). Issues raised for the first time in a reply brief will not be addressed on appeal. *Hernandez*, 127 Idaho at 687, 905 P.2d at 88; *Henman*, 132 Idaho at 51, 966 P.2d at 51. Therefore, we decline to address any issues that Garner did not raise in his opening brief.

The district court's order summarily dismissing Garner's petition for post-conviction relief is affirmed. No costs or attorney fees on appeal.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**