**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38995**

| | | |
|---|---|---|
| MICHAEL SHANE BYINGTON, | ) | 2012 Unpublished Opinion No. 721 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 15, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying petition for post-conviction relief, <u>reversed</u>; case <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael Shane Byington appeals from the district court's order denying his petition for post-conviction relief following an evidentiary hearing. We reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Byington was convicted of aggravated assault following a jury trial. He received a unified five-year term with two years determinate, which was suspended in favor of a five-year term of probation. Byington filed a motion for a new trial based on newly discovered evidence, which was denied by the district court. Byington appealed the denial of that motion and this Court upheld the district court. *See State v. Byington*, Docket No. 35697 (Ct. App. Sept. 18, 2009) (unpublished).

Byington then filed a petition for post-conviction relief alleging numerous claims of ineffective assistance of counsel. At the evidentiary hearing on his petition, Byington sought to

introduce evidence concerning trial counsel's failure to file a motion to suppress evidence--an issue not raised in his petition for post-conviction relief. The State objected on the basis that this claim was not pled and, therefore, waived. Byington was allowed to present evidence on the matter. After hearing argument, the district court requested additional briefing on this new claim. Byington filed both additional briefing on the issue and a supplemental[1] petition for post-conviction relief. The State, in turn, filed a memorandum in support of its objection. The district court then denied Byington's petition and held that the new claim had been waived. Byington timely appealed.

## II.

## DISCUSSION

The sole issue Byington raises on appeal is whether the district court erred by holding that his ineffective assistance of counsel claim was waived.[2] As noted, Byington's initial petition for post-conviction relief contained numerous claims of ineffective assistance, but did not contain an allegation that his trial counsel provided ineffective assistance for failing to file a motion to suppress evidence. The State argued that language in *Stuart v. State*, 118 Idaho 932, 933-34, 801 P.3d 1283, 1284-85 (1990) suggested that a claim which should have been known at the time of filing of the initial petition is waived if not raised therein. The district court agreed with the State finding:

> The Petitioner attempted to and in fact was allowed by the Court to introduce evidence of an alleged illegal custodial interrogation and subsequent search. These matters were not raised in the original Petition for Post Conviction Relief. Therefore, the Court now rules that those claims were waived and will not be considered.

The district court's use of the term "waived" is indicative of its reliance on Idaho Code § 19-4908. That section provides:

---

[1]     Under Idaho Rule of Civil Procedure 15(d) a supplemental pleading is proper when "transactions or occurrences or events [] have happened since the date of the pleading sought to be supplemented." Here, the issue Byington wished to include did not occur after the original petition was filed, it was merely discovered by counsel after the initial petition was filed. Counsel should have filed a motion to amend the petition.

[2]     The other issues in Byington's original petition for post-conviction relief are thus waived. *See Monahan v. State*, 145 Idaho 872, 874 n.1, 187 P.3d 1247, 1249 n.1 (Ct. App. 2008).

2

All grounds for relief available to an applicant under this act must be raised in his *original, supplemental or amended application*. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

(emphasis added).

The district court's reliance on I.C. § 19-4908 was in error. The language in *Stuart* relates to a successive petition. If Byington had filed a successive petition, then the district court could have correctly rejected the petition on the basis that it was waived pursuant to I.C. § 19-4908. Instead, Byington was attempting to add a claim to his initial petition. Therefore, the waiver provisions of I.C. § 19-4908 do not apply and his effort to amend his petition was instead governed by I.R.C.P. 15(a) and (b). The State argues on appeal that Byington failed to properly move to amend, the district court could properly deny any motion to amend, and the issue was not tried by consent of the parties. However, these assertions were not the basis of the district court's refusal to consider the issue. Therefore, we do not address them on appeal. On remand, the district court should address whether Byington is allowed to amend his petition.[3]

### III.
### CONCLUSION

The district court erred by holding that Byington's ineffective assistance of counsel claim was waived because it was not included in his original petition. As such, we reverse the district court's order denying Byington's petition for post-conviction relief and the case is remanded for further proceedings.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

---

[3] We express no opinion as to whether or not the district court should allow Byington to amend his petition on remand.