**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42895**

| | | |
|---|---|---|
| **THOMAS JAMES LOTT, II,** | ) | **2016 Unpublished Opinion No. 322** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: January 14, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Thomas James Lott, II, appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Lott pled guilty to felony injury to jails, Idaho Code § 18-7018. Lott subsequently filed a pro se petition for post-conviction relief, alleging various claims of ineffective assistance of trial counsel. The district court appointed counsel to assist Lott with his petition and then Lott, through appointed counsel, filed notice that he did not intend to file an amended petition. The State then filed their answer to Lott's petition.

Thereafter, Lott filed a pro se, handwritten "Affidavit of Non-Waiver Post-Conviction Ineffective Assistance of Counsel" ("Affidavit of Non-Waiver"), which raised new post-

1

conviction claims that were not included in the original petition. Lott's counsel subsequently filed a "Notice of Submission," seeking to incorporate Lott's pro se Affidavit of Non-Waiver as "support of Petitioner's Petition for Post-Conviction Relief." After those filings by Lott, the State filed an amended answer, stating:

> Insofar as [the Affidavit of Non-Waiver] might amend the actual claims by Petitioner, the Respondent objects to its filing, since the Court did not grant leave to amend the petition after the Petitioner declined to do so initially. To the extent [the Affidavit of Non-Waiver] contains new factual allegations in support of the original petition, the State offers the following responses . . . .

The State then filed a motion for summary disposition, to which Lott's counsel filed an opposing motion.

In its order on the summary disposition motion, the district court acknowledged Lott's Affidavit of Non-Waiver, stating that it would "consider the information contained in the affidavit as such information relates to the claims set forth in Petitioner's original application for post-conviction relief." But, because Lott did not "seek to file an amended petition, the Court will not address any new claims raised in the subsequent affidavit, as those claims are not properly before the Court." The district court then summarily dismissed Lott's post-conviction petition. Lott timely appeals.

## II.

## ANALYSIS

Lott argues that the district court erred in summarily dismissing his petition on the basis that the claims in the Affidavit of Non-Waiver were not properly before the court. He contends that the court's dismissal on that basis did not provide him with the requisite notice because the State had not argued that issue in its motion for summary dismissal. The State contends that Lott was not entitled to notice for dismissal of claims that were not properly before the court.

Generally, all allegations relating to a request for post-conviction relief must be asserted in one application. I.C. § 19-4908. A petitioner wanting to raise additional post-conviction issues must first obtain leave from the court to raise those claims in an amended application. *Cole v. State*, 135 Idaho 107, 111, 15 P.3d 820, 824 (2000); *Cowger v. State*, 132 Idaho 681, 687, 978 P.2d 241, 247 (Ct. App. 1999). Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no

2

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.C. § 19-4906(c). A post-conviction action may not be summarily dismissed unless the petitioner has been given twenty days' notice, either by the court or by motion of the State, and an opportunity to respond before dismissal is ordered. I.C. 19-4906(b); *State v. Christensen*, 102 Idaho 487, 488-89, 632 P.2d 676, 677-78 (1981).

In the present case, it is uncontested that Lott did not seek leave from the court or obtain written consent from the State to amend the petition as required by Idaho Rule of Civil Procedure 15(a). However, Lott contends that, because the State responded to his claims in its responsive pleading, the claims were tried by the implied consent of the parties and properly before the district court pursuant to Idaho Rule of Civil Procedure 15(b).

Post-conviction applications are governed by the Idaho Rules of Civil Procedure. *Dunlap v. State*, 141 Idaho 50, 57, 106 P.3d 376, 383 (2004). Idaho Rule of Civil Procedure 15(b) provides:

> When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

"The purpose of Rule 15(b) is to allow cases to be decided on the merits, rather than upon technical pleading requirements." *Noble v. Ada County Elections Bd.*, 135 Idaho 495, 500, 20 P.3d 679, 684 (2000). Thus, a court is able to base its decision on an unpleaded theory that has been fully tried by both parties before the court. *Dunlap*, 141 Idaho at 57, 106 P.3d at 383.

In *Monahan v. State*, 145 Idaho 872, 187 P.3d 1247 (Ct. App. 2008), this Court considered whether the parties expressly or impliedly consented to trying the petitioner's unpled post-conviction claim pursuant to Rule 15(b). *Monahan*, 145 Idaho at 876, 187 P.3d at 1251. We noted that the petitioner's failure to indicate any intent to amend the pleadings did not support his contention that the parties had consensually tried the additional issue pursuant to

3

Rule 15(b). *Monahan*, 145 Idaho at 876, 187 P.3d at 1251. And, we held that the prosecutor's objection to the petitioner's unpled claim demonstrated a clear lack of consent to try the issue. *Id.* We concluded that neither party expressly or impliedly consented to trying the petitioner's unpled claim. *Id.*

Here, unlike the petitioner in *Monahan* who merely failed to indicate an intent to amend, Lott expressly disclaimed his intent in two instances. First, he filed a notice with the court expressing his intent to proceed on his initial post-conviction petition without amendment. Second, he filed a "Notice of Submission" indicating that the Affidavit of Non-Waiver containing the new claims was filed "in support of" his previous post-conviction petition. Lott's conduct disclaiming his intent to amend his petition discredits his argument on appeal that the affidavit should nonetheless have been treated as an amended petition.

And, similar to *Monahan*, the State expressly objected to Lott's inclusion of new post-conviction claims in his Affidavit of Non-Waiver. Instead, the State treated the claims as factual allegations supporting the initial petition. *See Estes v. Barry*, 132 Idaho 82, 86, 967 P.2d 284, 288 (1998) (holding that Rule 15(b) is not implicated by factual issues raised in a motion for summary judgment). The State neither expressly nor impliedly consented to Lott's purported amendment to his post-conviction application.

We hold that neither party expressly or impliedly consented to trying Lott's unpled claims. Because Lott did not properly request and receive leave to amend his post-conviction relief application, the Affidavit of Non-Waiver was not properly before the district court for consideration as an amended petition. Thus, the court did not err by dismissing Lott's post-conviction petition on grounds different from those asserted in the State's motion for summary disposition.

## III.

## CONCLUSION

Because Lott did not obtain leave to file an amended petition for post-conviction relief, the claims raised in Lott's handwritten Affidavit of Non-Waiver were not properly before the court. Therefore, the district court did not err in summarily dismissing Lott's application for post-conviction relief.

Judge GRATTON and Judge HUSKEY **CONCUR**.