# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44314

| | | |
|---|---|---|
| SHAUN PATRICK CONLEY, | ) | 2018 Unpublished Opinion No. 456 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 16, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order denying motion for appointment of counsel, affirmed; order summarily dismissing petition for post-conviction relief, affirmed.

Shaun P. Conley, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Shaun Patrick Conley appeals from the district court's summary dismissal of his petition for post-conviction relief. He also contends the court erred by denying his motion for appointment of post-conviction counsel and his motion to take judicial notice of the underlying criminal record. The district court's summary dismissal of Conley's petition for post-conviction and his motion for appointment of counsel are affirmed.[1]

---

[1] The issue of Conley's motion for judicial notice is moot, as explained below, because the district court relied upon Conley's underlying criminal record in rendering its summary dismissal and it was relied upon by both parties in this appeal. *State v. Long*, 153 Idaho 168, 170, 280 P.3d 195, 197 (Ct. App. 2012) (quoting *State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012)). Thus, the issue presents no justiciable controversy. *Id.*

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Conley was charged with lewd conduct with a child under sixteen, Idaho Code § 18-1508, and being a persistent violator, I.C. § 19-2514. A preliminary hearing was held in December 2012. In 2013 Conley was charged in a separate case with fourteen counts of sexual exploitation of a child, I.C. § 18-1507(2)(a), and being a persistent violator, I.C. § 19-2514. Conley entered into a plea agreement which encompassed both cases and he filled out a guilty plea questionnaire. On the questionnaire, Conley answered nine questions which indicated he was satisfied with his attorney's assistance. Additionally, Conley told the district court he was satisfied with his attorney's representation. Pursuant to the plea agreement, Conley pleaded guilty to lewd conduct with a child under sixteen in the 2012 case and to three counts of sexual exploitation of a child in the 2013 case. The State dismissed the persistent violator charges and the remaining eleven counts of sexual exploitation of a child. The district court imposed two unified sentences of fifteen years, with five years determinate, to run concurrently.

Conley appealed both sentences, which this Court affirmed in a consolidated appeal. *State v. Conley*, Docket Nos. 41399/41400 (Ct. App. Sept. 12, 2014) (unpublished). While the appeal was pending, Conley filed an Idaho Criminal Rule 35 motion for a reduction of his sentence, jointly addressing both of his criminal cases, which the district court denied. Conley then filed a motion to withdraw his guilty plea, which the district court denied. Next, Conley filed a motion for appointment of counsel for post-conviction, a petition for post-conviction relief, and a motion requesting the district court take judicial notice of the underlying records from his criminal cases. The district court denied Conley's motion for appointment of counsel, summarily dismissed his petition for post-conviction relief, and denied his request to take judicial notice of the underlying criminal records. Conley timely appeals these last three decisions.

# II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329

P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id.*

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Criminal Procedure. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must

3

present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010).

### III.

### ANALYSIS

Conley makes various arguments on appeal which are best summarized as supporting the claims in his petition for post-conviction relief: (1) ineffective assistance of counsel for failure to suppress an overbroad warrant; (2) prosecutorial misconduct because the prosecutor, who was once a public defender involved with Conley's case, used confidential information obtained during their attorney-client relationship during Conley's sentencing hearing; and (3) ineffective assistance of counsel for coercing Conley's guilty plea. Conley contends a transcript, which was

4

not prepared for appeal, and judicial notice of his underlying criminal record are necessary to support his arguments.

**A.      Motion for Judicial Notice**

Preliminarily, we recount the procedural history regarding Conley's motion for judicial notice as it bears upon Conley's other arguments. Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. A court must take judicial notice if requested by a party and supplied with the necessary information. I.R.E. 201(d). A district court may take judicial notice of its own record in the case before it. *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967); *Newman v. State*, 149 Idaho 225, 227, 233 P.3d 156, 158 (Ct. App. 2010). It is error, however, for the district court to base its decision on judicial notice of the judge's personal recollection of events in the criminal proceeding. *Matthews v. State*, 122 Idaho 801, 807-08, 839 P.2d 1215, 1221-22 (1992).

When Conley filed his petition for post-conviction relief, he attached his own affidavit, the search warrant and related documents, three additional affidavits from other individuals, a police incident report, the Bannock County Child Abuse Protocol agreement, letters from the public defender appointed to represent Conley, a few emails, and a letter from a federal prosecutor. Conley did not attach any relevant portions of any transcript from his underlying consolidated criminal cases. However, he filed a motion requesting the district court take judicial notice of his underlying criminal record. In its denial of Conley's motion for judicial notice, the district court noted it:

> did not rely on the underlying criminal record in its decision regarding Conley's post-conviction relief petition, rather utilizing all files, briefing, and material submitted in the civil file, and thus finds it unnecessary to take notice of such. That being said, any document specifically referenced by either party will be made part of the official record.

However, the district court's summary dismissal of Conley's petition for post-conviction relief shows the district court, in fact, did rely on Conley's underlying criminal record in reaching its decision, which the State concedes on appeal.

The district court's contradictory actions--denying the motion for judicial notice, yet reviewing the underlying criminal record--create a problem for this Court, as it is unclear to this Court which documents the district court relied upon in granting summary dismissal. It appears the district court relied on, at a minimum: (1) the guilty plea questionnaire; (2) the transcript of

5

the guilty plea hearing, held April 8, 2013; (3) the motion to withdraw the guilty plea; and (4) the order denying that motion. We do not know if the district court reviewed any other documents from the underlying criminal cases for purposes of granting summary judgment in the post-conviction case. Generally speaking, a post-conviction court should not take judicial notice of the underlying criminal file without specifying which documents it is reviewing. *See Fortin v. State*, 160 Idaho 437, 442, 374 P.3d 600, 605 (Ct. App. 2016) (holding that blanket requests for a district court to take judicial notice of an entire underlying criminal record in a post-conviction case are improper).

Despite the district court denying the motion to take judicial notice, but looking at the criminal files nonetheless, the Idaho Supreme Court took judicial notice of the appellate record from Conley's previous appeals, which contained much of the information from the underlying criminal files.[2] Conley objected to the appellate record, arguing that even with the previous records from his direct appeals, the post-conviction appellate record lacked a transcript of the hearing held the morning of Conley's preliminary hearing which was essential to establish his claim of ineffective assistance of counsel. Conley did not object that his motion to withdraw his guilty plea or the order on that motion were missing from the records in the underlying criminal cases. The Supreme Court understood Conley's request for the transcript for the morning of the date of Conley's preliminary hearing to be a request for the afternoon preliminary hearing transcript, initially denying Conley's request, but later mailing the afternoon preliminary hearing transcript to Conley because the transcript was contained in Conley's previous appellate record. The morning transcript was never prepared, was not reviewed by the district court, and is not part of the appellate record before this Court.

Conley could have also requested the appellate record in this case include the motion to withdraw his guilty plea and the district court's order from the underlying criminal case but he failed to do so. Moreover, Conley has not alleged the district court erred in relying on the motion to withdraw his guilty plea and the order denying that motion when it denied his motion

---

[2] Conley's direct appeals from his underlying convictions were in Supreme Court Docket Nos. 41399 and 41400. The clerk's records in those cases were served on October 18, 2013. Conley filed his motion to withdraw his guilty plea on July 7, 2014, and the motion was denied on September 25, 2014. Thus, the motion to withdraw the guilty plea and the subsequent order were not included in the initial clerk's record in Docket Nos. 41399 and 41400, nor were they later augmented into the records.

6

to appoint counsel and dismissed the petition. As such, he has waived any claim of error in that regard. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking.").

Both parties relied upon the post-conviction record and Conley's previous appellate records. Thus, despite any procedural errors, the parties have waived any objection to the propriety of this Court's review of the portions of the underlying criminal record contained in the previous appellate record. I.R.C.P. 15(b)(2); *Monahan v. State*, 145 Idaho 872, 875, 187 P.3d 1247, 1250 (Ct. App. 2008) ("The purpose of Rule 15(b) is to allow cases to be decided on the merits, rather than upon technical pleading requirements.").

Perhaps because of this unorthodox procedure, the record still does not contain crucial information which the parties reference in their appellate briefs: Conley's motion to withdraw his guilty plea and the district court's denial of that motion. When the parties discuss Conley's attempt to withdraw his guilty plea, they reference the district court's summary dismissal of Conley's petition for post-conviction, which states that one of Conley's claims of ineffective assistance of counsel--the prosecutorial misconduct claim (also characterized as a violation of the attorney-client privilege claim)--"was addressed in detail in the Court's decision on Conley's Motion to withdraw his guilty plea." While these documents are not in the appellate record of the underlying criminal cases, they may have been in the physical case file reviewed by the district court. This Court cannot review documents that are not present in the record before the Court. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Thus, to the extent Conley's motion to withdraw his guilty plea factors into the arguments below, we presume the absences from the record support the district court's orders.[3]

**B.    Motion for Appointment of Counsel and Petition for Post-Conviction Relief**

Considering this procedural history, we now turn to the claims made in Conley's motion for appointment of counsel and his petition for post-conviction relief. In doing so, we evaluate,

---

[3]    Conley has moved this Court to expand the issues on appeal to include a claim regarding the withdrawal of his guilty plea. However, that claim was never presented to the district court and we decline the invitation to address it for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

first, whether Conley has shown his claims can be developed with the assistance of counsel and second, whether those claims allege genuine issues of material fact.

### 1. Ineffective assistance of counsel claims

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland v. Washington*, 466 U.S. 668 (1984) test--a showing of deficiency and prejudice. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Conley's petition for post-conviction relief alleges two claims of ineffective assistance of counsel. The first alleges Conley's trial counsel failed to adequately investigate the affidavit of probable cause and search warrant because of counsel's ignorance of the law. A competent attorney, Conley argues, would have realized the affidavit and search warrant were overbroad and filed a motion to suppress the warrant. The second ineffective assistance claim alleges Conley's trial counsel coerced Conley into a guilty plea because he had not adequately investigated Conley's criminal cases and was attempting to conceal his lack of preparation for trial.

Conley's petition for post-conviction relief does not allege sufficient facts to raise the possibility that either of these claims are valid. The attachments to Conley's petition do not show that the warrant was overbroad or that Conley would have received a more favorable outcome if the motion to dismiss had been granted. At best, the attachments argue counsel

8

should have been aware of a non-binding decision from the Ninth Circuit Court of Appeals and allege facts about coercion that are not supported in the record. Because these claims cannot be viably developed, even with the assistance of counsel, the district court did not abuse its discretion in denying appointment of counsel for these claims.

Even if Conley had met his burden and was appointed counsel, the record disproves his claims of ineffective assistance. Conley filled out a guilty plea questionnaire where he indicated he was satisfied with his attorney's assistance. He made the same representation to the district court verbally. While Conley's motion to withdraw his guilty plea and the district court's denial of that motion could possibly offer contrary evidence, its absence from the record reinforces the voluntariness of the statements Conley made about the performance of his counsel. This lends further support to the conclusion that the district court did not abuse its discretion in denying Conley's request for appointment of counsel.

### 2. Prosecutorial misconduct claim

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

I.C. § 19-4901(b).

Conley's petition for post-conviction relief alleges the prosecutor, who was once a public defender involved with Conley's case, used confidential information obtained during their attorney-client relationship at Conley's sentencing hearing and that doing so amounts to prosecutorial misconduct. Conley's petition for post-conviction relief does not allege sufficient facts to raise the possibility that this claim is valid. First, Conley was given permission to file supplemental briefing on the issue of prosecutorial misconduct in his direct appeal. Conley explained the issue was not raised in his direct appeal because his appellate counsel declined to raise the issue. However, Conley does not allege or factually support a claim that appellate

9

counsel rendered ineffective assistance of counsel for failing to pursue the issue. As such, Conley has waived consideration of that issue in his post-conviction petition. Additionally, although the record does not contain Conley's motion to withdraw his guilty plea, that motion provided another opportunity where Conley could have raised his prosecutorial misconduct claim. Because Conley cannot overcome this procedural bar, the district court did not abuse its discretion in denying appointment of counsel for this claim.

Although Conley cannot overcome the procedural bar, his claim also fails on the merits. Even if the prosecutor did obtain confidential information during his alleged short visit as a public defender with Conley before his preliminary hearing--where Conley was represented by a different public defender--the transcript of the sentencing hearing shows that the prosecutor did not use any confidential information in his argument. Instead, the prosecutor relied upon information from Conley's presentence investigation report. Thus, if there was any misconduct, it was harmless as Conley received a lesser sentence than sought by the prosecutor.

Because none of Conley's claims overcome the initial burden of proof in order to secure post-conviction counsel, they necessarily cannot overcome the higher burden of proof requiring a showing of an issue of material fact. *Workman v. State*, 144 Idaho 518, 522-23, 164 P.3d 798, 802-03 (2007). Therefore, the district court did not abuse its discretion when it summarily dismissed Conley's petition for post-conviction relief.

## IV.

## CONCLUSION

Conley has not shown that his post-conviction claims can be viably developed by counsel or raise an issue of material fact. We affirm the district court's denial of appointment of counsel and its summary dismissal of Conley's petition for post-conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.