121 P.3d 963

**Gregory A. PIERCE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 30930.**

Supreme Court of Idaho, Boise, December 2004 Term.

Sept. 23, 2005.

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Ralph R. Blount, Deputy Attorney General, argued.

EISMANN, Justice.

Gregory Pierce appeals the judgment dismissing his petition for post-conviction relief. The judgment of conviction in his underlying criminal case was upheld by the Court of Appeals, and he contends that his appellate counsel was ineffective for failing to discuss with him the option of seeking a petition for review with this Court. We affirm the dismissal of his petition because he did not suffer any prejudice from his appellate counsel's allegedly deficient performance.

## I. FACTS AND PROCEDURAL HISTORY

In 1999, a jury found Pierce guilty of one count of eluding a peace officer and one count of unlawful possession of a firearm. On the eluding charge, the district court sentenced Pierce to five years in the custody of the Idaho Board of Correction, with three years of the sentence fixed and the balance indeterminate. On the firearm charge, the district court sentenced Pierce to a consecutive five years in the custody of the Idaho Board of Correction, with two years fixed and the balance indeterminate. Pierce filed a motion under Idaho Criminal Rule 35 asking the district court to reduce his sentences, but the district court denied the motion.

Pierce appealed. In an unpublished opinion issued on August 21, 2000, the Idaho Court of Appeals affirmed the district court. Pierce's appellate counsel decided that it would be fruitless to ask this Court to review the opinion of the Court of Appeals. She therefore did not file a petition for review under Idaho Appellate Rule 118, nor did she inform Pierce of that option. She also did not promptly notify Pierce of the appellate opinion.

On August 21, 2001, Pierce commenced this case by filing a petition seeking post-conviction relief. He alleged that he had received ineffective assistance of counsel because of his appellate counsel's failure to file a petition for review in his criminal case. The parties stipulated to the facts, and on July 3, 2002, the district court issued its opinion denying relief. It held that Pierce had failed to show any prejudice from his counsel's conduct because Pierce did not have meritorious grounds for the petition for review.

Pierce appealed, and this case was assigned to the Court of Appeals. On March 25, 2004, it issued an opinion upholding the dismissal of his petition for post-conviction relief, but on different grounds. The Court of Appeals held that Pierce did not have the right to the assistance of counsel to file a petition for review. It reasoned that Idaho Code § 19-852(b)(3)[1] does not grant the right to an attorney if the proceeding is frivolous and Pierce failed to show that a petition for review in his criminal case was not frivolous. The Court of Appeals concluded that because Pierce did not have the right to counsel to file a frivolous petition for review, he did not receive ineffective assistance of counsel.

Pierce filed a petition asking us to review the opinion of the Court of Appeals in this case, and we granted his petition for review. In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower

---

1. Idaho Code § 19-852 provides:

(a) A needy person who is being detained by a law enforcement officer, who is confined or is the subject of hospitalization proceedings pursuant to sections 18-212, 18-214, 66-322, 66-326, 66-329 or 66-409, Idaho Code, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, is entitled:

(1) to be represented by an attorney to the same extent as a person having his own counsel is so entitled; and

(2) to be provided with the necessary services and facilities of representation (including investigation and other preparation). The attorney, services, and facilities and the court costs shall be provided at public expense to the extent that the person is, at the time the court determines need, unable to provide for their payment.

(b) A needy person who is entitled to be represented by an attorney under subsection (a) is entitled:

(1) to be counseled and defended at all stages of the matter beginning with the earliest time when a person providing his own counsel would be entitled to be represented by an attorney and including revocation of probation;

(2) to be represented in any appeal;

(3) to be represented in any other post-conviction or post-commitment proceeding that the attorney or the needy person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

(c) A needy person's right to a benefit under subsection (a) or (b) is unaffected by his having provided a similar benefit at his own expense, or by his having waived it, at an earlier stage.

court. *Head v. State,* 137 Idaho 1, 43 P.3d 760 (2002).

## II. ANALYSIS

■ In *Hernandez v. State,* 127 Idaho 685, 905 P.2d 86 (1995), this Court held that Idaho Code § 19–852 provides a needy defendant in a criminal case with the right to appointed counsel on appeal, including the right to counsel in filing a petition to this Court requesting review of an opinion of the Court of Appeals. This Court also held that such statutory right to counsel guaranteed the right to effective assistance of counsel, comparable to that guaranteed in the federal Constitution.

■ To prove ineffective assistance of counsel, the defendant must prove that counsel's performance was deficient and that this deficient performance prejudiced the defendant's case. *Id.; Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988). In this case, Pierce has failed to show any prejudice from his appellate counsel's deficient performance.

Idaho Appellate Rule 118 specifies a twenty-one-day time period for filing a petition for review. Unlike the time period for filing a notice of appeal, notice of cross-appeal, or petition for rehearing,[2] we have never held that the time period for filing a petition for review is jurisdictional. In fact, we routinely grant requests to file late petitions for review.

A criminal defendant does not have the right to have this Court review an opinion of the Court of Appeals. Whether we grant a petition for review is entirely discretionary. On January 14, 2003, Pierce filed a motion with this Court requesting permission to file a late petition for review in his underlying criminal case. This Court denied the motion by order entered on February 19, 2003. Had we wanted to review the opinion of the Court

of Appeals in Pierce's underlying criminal case, we would have granted his motion. By denying it, we have in effect denied his petition for review. Therefore, he has not suffered any prejudice from his appellate counsel's failure to consult with him about filing a petition for review within the time period specified in Idaho Appellate Rule 118.

We affirm the judgment of the district court, but on a different ground. Pierce suffered no prejudice because the time period for filing a petition for review is not jurisdictional.

## III. CONCLUSION

The judgment dismissing Pierce's petition for post-conviction relief is affirmed. We award costs on appeal to the State.

Chief Justice SCHROEDER, Justice TROUT and Justice Pro Tem KIDWELL concur. Justice BURDICK concurs in the result.

---

**2.** Rule 21 of the Idaho Appellate Rules provides:

The failure to physically file a notice of appeal or notice of cross-appeal with the clerk of the district court or an administrative agency, or the failure to physically file a petition for rehearing with the clerk of the Supreme Court, each within the time limits prescribed by these rules, shall be jurisdictional and shall cause automatic dismissal of such appeal or petition,

upon the motion of any party, or upon the initiative of the Supreme Court. Failure of a party to timely take any other step in the appellate process shall not be deemed jurisdictional, but may be grounds only for such action or sanction as the Supreme Court deems appropriate, which may include dismissal of the appeal.