**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40276**

| | | |
|---|---|---|
| OMAR ESCOBEDO, | ) | 2013 Unpublished Opinion No. 716 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Judgment summarily dismissing action for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

On appeal, Omar Escobedo argues he received ineffective assistance of counsel because his attorney failed to provide him a copy of this Court's decision on direct appeal, which prevented him from seeking a petition for review and thereby precluded relief in a future federal habeas corpus action. We affirm the decision of the trial court dismissing Escobedo's post-conviction action because we find that summary dismissal was proper, albeit on a legal theory different from the one applied by that court.

**I.**

**BACKGROUND**

This Court previously addressed Escobedo's claims on direct appeal. *State v. Escobedo*, Docket No. 37050 (Ct. App. May 31, 2011) (unpublished). In that opinion, we set forth the following factual background concerning the original trial:

1

According to the state's evidence, while his girlfriend's daughter, A.G., was in third grade, Escobedo came home early one morning during A.G.'s Christmas break from school. He spent the night in her mother's room, and then around 7 a.m., entered her room where she and her six-year-old brother were playing video games. He proceeded to commit an act of manual to genital contact upon her and then rubbed his penis on her arm and stomach. . . .

Escobedo was charged by indictment with one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under sixteen, I.C. § 18-1506 . . . .

. . . .

The jury found Escobedo guilty of both counts.

We affirmed the decision of the trial court on direct appeal. Escobedo thereafter filed a petition for post-conviction relief and an affidavit in support of that petition. In his petition, Escobedo raised twenty-one claims, most of which alleged that trial counsel provided ineffective assistance of counsel. The claim in paragraph 9(b)(12)[1] alleged, "Counsel Was Deficient In Performance Failing To Provide Me With Copies Of Any Records In This Case, Requiring Me To Seek An Order Requiring Him To Do So On Collateral Attack." Additionally, in his affidavit, Escobedo stated that:

Counsel finally sent me a copy of the Court Of Appeals Opinion, but it was to [sic] late to file a Petition for Review, due to the fact my 21 day deadline to file for review or rehearing had expired (Prejudice/Deficient Performance) and this did not allow me to exhaust my State remedies.

Despite a court order to amend the petition, Escobedo never did so. Accordingly, the only portion of the pleading that mentions any failure to provide court documents to Escobedo is claim 9(b)(12). After responding to the petition, the State moved for summary dismissal arguing that, for each claim, Escobedo failed to make a prima facie showing of ineffective assistance of counsel.

As to claim 9(b)(12), the trial court held:

The petitioner does not identify what records he is referring to or whether the request for records was made prior to or after entry of the judgment of conviction. The petitioner is not clear in his petition as to whether this is a claim related to his underlying conviction or discovery for his post-conviction proceeding. The petitioner has failed to establish a basis for relief under this claim.

---

[1] This is the second claim numbered 9(b)(12). Since the first 9(b)(12) is not relevant to the disposition of this appeal, we will refer to this claim as claim 9(b)(12).

On appeal, Escobedo argues that the court improperly dismissed his claim that his defense counsel was ineffective because he failed to file a petition for review of the Court of Appeals decision or provide Escobedo with the Court of Appeals decision so that he could file a petition for review pro se within the twenty-one day period. The State argues that Escobedo did not plead this claim and therefore the trial court was not required to address it.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. Idaho Code § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the

3

attorney's deficient performance, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg v. State*, 131 Idaho 517, 519, 960 P.2d 738, 740 (1998); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

We conclude that Escobedo adequately pled the claim of ineffective assistance of counsel for his attorney's failure to file a petition for review or give Escobedo the Court of Appeals opinion so he could proceed pro se. Claim 9(b)(12) alone would have been insufficient to "specifically set forth the grounds upon which the application is based, and clearly state the relief desired." I.C. § 19-4903. That claim, on its own, insufficiently connects the failure to provide documents to Escobedo's interest in seeking a petition for review or to its impact on a potential habeas corpus action in federal court. However, his affidavit that was filed with the petition provided sufficient details in support of his claim. Escobedo there described the precise documents he claims were not sent to him, stated that the documents were not sent despite a request for them, and described the harm that accrued. Furthermore, in a parenthetical he referenced the relevant legal issue by mentioning the *Strickland* prongs.

We agree with the general policy set forth by the State which favors a clear articulation of every claim of error. *See* I.C. § 19-4903. We have expressly disapproved of the practice of using "one broad category . . . as a spring board to raise any argument." *Monahan v. State*, 145 Idaho 872, 877 n.2, 187 P.3d 1247, 1252, n.2 (Ct. App. 2008). Additionally, Idaho appellate courts have disfavored rules which require trial courts to scour records to find information that

conscientious litigants would have properly put before the court. *See Esser Elec. v. Lost River Ballistics Tech., Inc.*, 145 Idaho 912, 919, 188 P.3d 854, 861 (2008). Consistent with this policy, the State argues that the trial court was not required to read the petition and the affidavit together to determine which issues had been properly raised.

Despite our agreement with the general policy, we hold that Escobedo sufficiently pled the issue on appeal because we consider the petition and affidavit together. Even the cases the State cites imply that the trial court hearing the post-conviction action should consider these documents together. For example, in *Kelly v. State*, 149 Idaho 517, 236 P.3d 1277 (2010), the Idaho Supreme Court held that because the petitioner "failed to raise a claim for prosecutorial misconduct--on the basis of withholding exculpatory evidence--in his petition *or supporting affidavit*," the Supreme Court would not consider that claim. *Id.* at 524, 236 P.3d at 1284 (emphasis added). In that case, it appears the Idaho Supreme Court read the petition and the supporting affidavit together.

Because we find that this issue was sufficiently raised when considering the petition and the affidavit together, we hold that the trial court's rationale for dismissal of this claim was in error. However, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). In this case, we find as a matter of law that Escobedo cannot meet the prejudice prong of *Strickland*.

Escobedo's argument that he was prejudiced by his attorney's deficient performance is very narrow. On appeal, Escobedo does not complain that his attorney's error caused him to lose a right to have his case heard by the Idaho Supreme Court, nor does he complain that this Court's decision in his direct appeal was in error. Rather, he complains that his attorney's failure caused him to lose access to a specific forum on specific procedural grounds; Escobedo's sole prejudice argument is that the failure to file a petition for review may limit his access to federal habeas corpus proceedings because it represents a failure to exhaust state remedies. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (sets forth the rule of exhaustion generally); *Dotts v. State of Idaho*, Docket No. CV 04-0601-S-MHW (D. Idaho Jan. 25, 2006) (unpublished) (sets forth the exhaustion requirements to access federal habeas corpus after review in Idaho courts).

Generally, to demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Aragon*, 114 Idaho at 761, 760 P.2d at 1177 (quoting *Strickland*, 466 U.S. at 694). However, the failure to file a requested appeal that the defendant may take as a matter of right is *per se* prejudicial even if there is no showing that the defendant could have prevailed on that appeal. *Rodriquez v. United States*, 395 U.S. 327, 330 (1969); *Beasley v. State*, 126 Idaho 356, 361, 883 P.2d 714, 719 (Ct. App. 1994). Escobedo apparently assumes, without citing any authority, that a presumption of prejudice would likewise apply to the loss of an opportunity to seek habeas corpus relief in the federal courts. We need not reach that issue, however, because we conclude that Escobedo has not shown that he is foreclosed from exhausting his state remedies and therefore foreclosed from pursuing a federal habeas corpus action.

The failure to file an appeal is "jurisdictional and shall cause automatic dismissal of such appeal," I.A.R. 21, but failing to file a petition for review is not jurisdictional. I.A.R. 21; *Pierce v. State*, 142 Idaho 32, 34, 121 P.3d 963, 965 (2005). That is, one may request permission to file a late petition for review. Indeed, the Idaho Supreme Court has treated the denial of a request for permission to file a late petition as the functional equivalent of a denial of the petition for review. *Id.* The Supreme Court reasoned that both procedural postures permit the Court to review a case where it feels review is appropriate and deny review where it does not feel that review is appropriate. *Id.* The Court said: "Had we wanted to review the opinion of the Court of Appeals in Pierce's underlying criminal case, we would have granted his motion [requesting permission to file a late petition for review]. By denying [that motion], we have in effect denied his petition for review." *Id.*

Accordingly, the failure to file a timely petition for review is not equivalent to the failure to file an appeal. Escobedo can request permission to file a late petition for review and either get the review he requests or have a denial be treated as the equivalent of a denial of a petition for review. Therefore, he has not lost the ability to exhaust his state remedies. He can, of his own initiative, exhaust his state claims and presumably raise his claims in a federal habeas corpus action. Accordingly, Escobedo has not suffered the prejudice he claims, and summary dismissal is appropriate.

For the reasons set forth above, we affirm the judgment of the trial court.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

6