# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44307-2016

| | | |
|---|---|---|
| TARANGO DEFOREST PADILLA, | ) | |
| | ) | **Boise, December 2016 Term** |
| Petitioner-Appellant, | ) | |
| | ) | **2016 Opinion No. 154** |
| v. | ) | |
| | ) | **Filed: December 22, 2016** |
| STATE OF IDAHO, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Twin Falls County. Hon. Randy J. Stoker, District Judge.

The judgment of the district court is affirmed.

Dennis A. Benjamin; Nevin, Benjamin, McKay & Bartlett, LLP; Boise; argued for appellant.

Jessica M. Lorello, Deputy Attorney General, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal from the dismissal of a petition for post-conviction relief asserting that the Defendant's trial counsel provided ineffective assistance by failing to file a motion to suppress evidence. Because no such motion would have been successful, we affirm the judgment of the district court.

## I.
## Factual Background.

Tarango Deforest Padilla was convicted of two counts of grand theft and was found to be a persistent violator. He appealed his conviction, and it was affirmed by the Idaho Court of Appeals in an unpublished opinion. He later timely filed a petition for post-conviction relief, contending that his attorney provided ineffective assistance in failing to file a motion to suppress.

The district court held a hearing and denied his petition. Mr. Padilla appealed again, and the Idaho Court of Appeals vacated the judgment dismissing his petition and remanded the case for further factual findings by the district court. The district court made further findings and again denied Mr. Padilla's petition. Mr. Padilla again appealed and the appeal was heard by the Idaho Court of Appeals, which affirmed the district court. Mr. Padilla filed a petition for review with this Court, which we granted. In cases that come before this Court on a petition for review of a decision of the Court of Appeals, we do not review the decision of the Court of Appeals. We hear the case anew as if the appeal had initially came directly to this Court. *State v. Suriner*, 154 Idaho 81, 83, 294 P.3d 1093, 1095 (2013). We heard the appeal anew, and we affirm the district court.

On August 7, 2011, at about 2:00 a.m., Mr. Padilla was walking down an alley when a police car pulled up with its headlights off. The officer turned on the car's headlights and turned the vehicle so that Mr. Padilla could see that it was a clearly marked police car. After stopping the car, the officer began getting out, and Mr. Padilla turned and began running away. The officer shouted several times for Mr. Padilla to stop, but he kept running. The officer ran after him. Mr. Padilla ran between some houses and jumped over a fence, twisting his ankle when he landed and fell to the ground. As he lay in the bushes where he had fallen, he tossed everything that he did not want found on him into the bushes. Those items included a stolen credit card and pieces of a spark plug, which can be used to break into vehicles. Another officer heard the first officer's radio call for assistance, and he located Mr. Padilla where he had fallen. He immediately handcuffed Mr. Padilla and patted him down for weapons, but did not feel anything that felt like a weapon. When the first officer arrived, he searched the area where Mr. Padilla had been and found a credit card issued to a Mr. Mauch, some money, and the pieces of the spark plug, which he knew from his training and experience could be used to break into vehicles. He observed that all of these items were clean and appeared to have been recently placed there. The officer then searched Mr. Padilla's person and found two other credit cards belonging to a Ms. Labrum and more pieces of a spark plug.

## II.
## Did the District Court Err in Dismissing Padilla's Petition for Post-Conviction Relief?

2

"To prove ineffective assistance of counsel, the defendant must prove that counsel's performance was deficient and that this deficient performance prejudiced the defendant's case." *Pierce v. State*, 142 Idaho 32, 34, 121 P.3d 963, 965 (2005). "To prevail on such a claim, the applicant for post-conviction relief must demonstrate (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different." *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008). "Judicial scrutiny of counsel's performance must be highly deferential. . . . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The district court held that any motion to suppress the tangible evidence seized would have been unsuccessful, and, therefore, there was no ineffective assistance of counsel. We agree.

The first question is when was Mr. Padilla seized? He was not seized until he was handcuffed while lying on the ground. A seizure does not occur until a person is either physically restrained by the police or yields to a show of authority and stops. *California v. Hodari D.*, 499 U.S. 621, 626–29 (1991). "[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Stated differently, the Supreme Court has acknowledged "the authority of the police to make a *forcible stop* of a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Place*, 462 U.S. 696, 702 (1983).

Mr. Padilla asserts on appeal, "To use flight as a ground for suspicion to support the seizure, the State had the burden to show that (1) Mr. Padilla knew the police were present; and (2) that the police believed that he was aware of their presence." He testified that he did not realize that the car was a police car, but thought instead that he was going to "get jumped" and was running to safety. To establish reasonable suspicion for a *Terry* stop, it not necessary that either of those factors be established. "In evaluating the validity of a stop such as this, we must consider 'the totality of the circumstances—the whole picture.'" *Id.* at 8. "[I]n making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable

3

caution in the belief' that the action taken was appropriate?" *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968). "Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). In this case, the facts available to the officer were that he saw Mr. Padilla walking down an alley at about 2:00 a.m.; that he turned on his car's headlights and drove to a place near Mr. Padilla, positioned the car so that Mr. Padilla could clearly see that it was a marked police car, and stopped; and that, as he began getting out of the car, Mr. Padilla fled. Mr. Padilla did not merely run away down the sidewalk, alley, or street when the officer began getting out of the police car. He ran between two houses and jumped over a fence. Considering the totality of the facts available to the officers, they had a reasonable, articulable suspicion to believe criminal activity may be afoot and could seize Mr. Padilla in order to investigate their suspicion. Therefore, the seizure of Mr. Padilla did not violate his rights under the Constitution of the United States, nor did it violate his rights under the Idaho Constitution. "We have construed Art. 1, § 17 of the Idaho Constitution to permit an investigatory stop in accordance with the rationale of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)." *State v. Gallegos*, 120 Idaho 894, 896, 821 P.2d 949, 951 (1991). "To justify such an investigative stop the police officer must be able to point to specific and articulable facts which, together with rational inferences from those facts, reasonably warrant that action." *State v. Post*, 98 Idaho 834, 837, 573 P.2d 153, 156 (1978).

> The *Terry* rationale has been adopted in Idaho. Under *Terry* and under Idaho law, limited stops can be made for investigative purposes and to enhance the safety of the police officer who is conducting an investigation. If the officer's suspicions are confirmed or further aroused, the stop may be prolonged and the scope of the investigative stop enlarged. The standard of proof which a state must satisfy in order to justify an investigatory stop is to be judged by a "totality of the circumstances."

*State v. Johns*, 112 Idaho 873, 877, 736 P.2d 1327, 1331 (1987). (Citations omitted).

Mr. Padilla next contends that the items he discarded while lying in the bushes could have been suppressed because his action of lying in the bushes after he had injured his ankle, but before the police found him, constituted submission to police authority. The record does not support that assertion. He testified:

Q. Did you stop yourself or did the police stop you?

A. I didn't stop 'cause my ankle, I was hurt, and I was laying in the bushes, and I believe it was then, 'cause I heard numerous other vehicles racing, vroom vroom. A lot of commotion was happening like right then. I was like, oh, those officers, those cops.
Q. They found you?
A. Yeah, they eventually found me behind Fuller Law Office, right there behind the office.

He did not do anything to let the police know where he was or that he was submitting to their authority. Hiding from the police until one is found does not constitute submitting to the show of authority.

Finally, Mr. Padilla contends that the search of his person was unconstitutional because the police would have never found the credit card and pieces of the spark plug on the ground near him but for the unconstitutional seizure of him. As discussed above his seizure was not unconstitutional, and the items were just lying on the ground where they could be found without seizing him.

### III.
### Conclusion.

We affirm the judgment of the district court.

Chief Justice J. JONES and Justices BURDICK, W. JONES and HORTON **CONCUR.**

5