**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46905**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 14, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRYAN LEE STRAW, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction for possession of a controlled substance and resisting or obstructing an officer, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Bryan Lee Straw appeals from his judgment of conviction for possession of a controlled substance and resisting or obstructing an officer. Straw argues that the district court erred in denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

During the course of an encounter with Straw, a police officer learned that Straw was on parole. The officer asked Straw for permission to search. After Straw declined to consent, the officer contacted a parole officer who gave the officer permission to search Straw. The officer advised Straw that he was being detained and began to place Straw's hands behind his back. Straw ran away and the officer chased after him. During the chase, Straw discarded a baggie containing

1

a white substance, which later tested positive for methamphetamine. Straw was ultimately detained and arrested for resisting and obstructing an officer. I.C. § 18-705. Straw was also charged with possession of a controlled substance, I.C. § 37-2732(c)(1)(F), after he admitted discarding the methamphetamine while fleeing from the officer.

Straw filed a motion to suppress the methamphetamine as well as the statements he made to the officer. The district court denied the motion. Straw thereafter entered a conditional guilty plea to both charges, reserving his right to challenge the denial of his motion to suppress. Straw appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful of the case law on abandonment, including this Court's opinion in *State v. Zuniga*, 143 Idaho 431, 146 P.3d 697 (Ct. App. 2006), Straw argues that the district court erred in denying his motion to suppress. Specifically, Straw contends that, "even though he abandoned the baggie [of methamphetamine] during his flight, the baggie and his statements should have been suppressed as fruit of the illegal seizure." The State responds that prior precedent, including United States Supreme Court precedent, forecloses Straw's claim. We agree with the State and hold that Straw has failed to show error in the district court's denial of his motion to suppress.

As Straw acknowledges, our opinion in *Zuniga* is dispositive of his claim. In *Zuniga*, a police officer involved in assisting on a child welfare check encountered Zuniga at the child's residence. *Id.* at 432-33, 146 P.3d at 698-99. Zuniga was evasive when asked about who was

present inside the residence and about his relationship to the residence. The officer directed Zuniga to sit down while he investigated further. Although Zuniga initially complied, he subsequently "jumped up and ran from the yard," and the officer gave chase. *Id.* at 433, 146 P.3d at 699. During his flight, Zuniga discarded a clear plastic baggie containing methamphetamine. Zuniga was eventually arrested and charged with possession of a controlled substance. Zuniga filed a motion to suppress, contending he was illegally seized because the officer lacked reasonable suspicion to detain Zuniga and that the methamphetamine he discarded while fleeing from the officer was fruit of the poisonous tree. The district court denied Zuniga's motion and this Court affirmed. In affirming, we relied on the Supreme Court's opinion in *California v. Hodari D.*, 499 U.S. 621 (1991),[1] for the proposition that an individual who runs from the police is not seized for purposes of the Fourth Amendment. Because a fleeing suspect is not seized, any evidence discarded by that individual during flight is not the product of an illegal seizure and need not be suppressed. *Zuniga*, 143 Idaho at 436, 146 P.3d at 702. As explained in *Zuniga*, it would be a fiction to hold that an individual is seized by law enforcement while that individual is running away and no longer submitting or yielding to authority. *Id.*; *see also Padilla v. State*, 161 Idaho 624, 626, 389 P.3d 169, 171 (2016) (recognizing that a seizure does not occur until a person is either physically restrained by the police or yields to a show of authority and stops).

Like the defendant in *Zuniga*, Straw discarded the methamphetamine while fleeing from the officer. Therefore, Straw could not have been seized for purposes of the Fourth Amendment when he discarded the methamphetamine he sought to suppress. The district court did not err in denying Straw's motion to suppress.

## IV.

## CONCLUSION

Straw has failed to show that the district court erred in denying his motion to suppress. Therefore, Straw's judgment of conviction for possession of a controlled substance and resisting or obstructing an officer is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[1] In *Hodari D.*, 499 U.S. at 629, the Supreme Court held that cocaine abandoned while the defendant was fleeing from the police was not suppressible because it was not the fruit of any seizure.